UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Thomas J. Yoncuski, | : | Case No. 4:22-02131-MJC |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Jeffrey Adams, | : | Case No. 4:22-02111-MJC |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Mariann Adams, | : | Case No. 4:23-01228-MJC |
| Debtor. | : | |

| | | |
|---|---|---|
| Donna Deitrick, | : | |
| Plaintiff, | : | Adversary Proceeding |
| v. | : | No. 4:23-00006-MJC |
| Thomas J. Yoncuski, Robert F. Yoncuski, Vanessa M. Yoncuski, Jeffrey A. Adams, Mariann F. Adams, | : | |
| Defendants. | : | |

# **O P I N I O N**

## I.  INTRODUCTION

The parties to this adversary proceeding are no strangers. They have been engaged in extended litigation that originated in 2006 in federal district court that has now spilled over into this Court. The plaintiff obtained a judgment against the named defendants and she seeks a determination that the debt is non-dischargeable as to each of the defendants.

The matter before the Court is a motion to dismiss filed by Defendants Jeffrey and Marianne Adams who allege certain procedural and substantive deficiencies in the adversary complaint. For the reasons stated below, the motion will be granted.

## II. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the U.S. District Court for the Middle District of Pennsylvania dated March 11, 2016. The claims asserted in the Amended Complaint are core proceedings pursuant to 28 U.S.C. §157(b)(2)(I). Venue is proper pursuant to 28 U.S.C. §1409(a).

## III. BACKGROUND AND PROCEDURAL HISTORY

### A. District Court Litigation[1]

On August 10, 2006, plaintiff Donna Deitrick ("Plaintiff") filed suit against several individuals, the City of Shamokin, and the Shamokin Police Department in the United States District Court for the Middle District of Pennsylvania ("District Court") (Case No. 4:06-cv-01556-WIA). Plaintiff asserted causes of action under 42 U.S.C. §§1983 and 1988 for civil rights violations and various state law claims including false imprisonment/unlawful arrest, assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, negligent hiring and supervision, conversion/trespass to chattels, and civil conspiracy. According to the District Court complaint, Plaintiff's claims arose out of two incidents that

---

[1] The Court may take judicial notice of another Court's docket. *See, e.g.*, *Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014); *Mar. Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1200 n.3 (3d Cir. 1991).

2

occurred in August 2004. The first incident involved the theft of a safe from Plaintiff's home and the second incident took place on and around the Shamokin City Police Department where several of the defendants assaulted and illegally detained Plaintiff. At the time of the incidents, Plaintiff and Robert F. Yoncuski were parties to a pending divorce proceeding.

On September 25, 2019, following a jury trial, a verdict was entered in favor of Plaintiff and against defendants Thomas Yoncuski, Robert Yoncuski, Vanessa Long Yoncuski, Jeffrey Adams, and Marianne Adams. The next day, the District Court entered judgment ("Judgment") in Plaintiff's favor against those defendants for the total amount of $3,200,530 with a specific allocation as to each defendant. *See* Dkt. # 7-2.

**B.     The Bankruptcy Cases and Adversary Proceeding**

The defendants in this action have all filed bankruptcy cases in this Court. Thomas Yoncuski filed his Chapter 7 case on November 2, 2022 docket at Case No. 4:22-02131. Robert and Vanessa Yoncuski filed a joint Chapter 7 case on October 7, 2022 docketed at Case No. 4:22-01943. Robert and Vanessa converted their Chapter 7 to Chapter 13 and also severed the case. Ms. Yoncuski's individual Chapter 13 is docketed 4:23-01008. Jeffrey and Mariann Adams filed a joint Chapter 13 case on October 31, 2022 docketed at Case No. 4:22-02111. The Adamses severed their joint case on June 2, 2023 and Ms. Adams' individual Chapter 13 case is docketed at 4:23-01228.

The deadline for filing objections to discharge and dischargeability in the Adams' case was January 30, 2023. The plaintiff Donna Deitrick ("Plaintiff" or "Ms. Deitrick") filed a complaint ("Original Complaint") instituting this adversary proceeding on January 27, 2023. The Complaint was filed against defendants Thomas Yoncuski, Robert Yoncuski, Vanessa Yoncuski, Jeffrey

3

Adams, and Mariann Adams (collectively "Defendants"). The Original Complaint alleged one count under 11 U.S.C. §523(a)(6)[2] against Defendants seeking to determine the Judgment non-dischargeable as to each Defendant.

Jeffrey and Mariann Adams ("Adams Defendants") filed a motion to dismiss the Original Complaint, Dkt. # 3, and the Court entered an order allowing Plaintiff the option to either amend the Original Complaint or file a response to the motion to dismiss, *see* Dkt. # 5. Plaintiff chose to file an amended complaint ("Amended Complaint"), Dkt. # 7, which in turn triggered the Adams Defendants' second motion to dismiss ("Motion"),[3] *see* Dkt. # 12. After briefing[4] and oral argument held on June 6, 2023, the Court took the Motion under advisement.

## IV. DISCUSSION

The Adams Defendants' Motion asserts three grounds to dismiss the Amended Complaint with prejudice. The Court will address each one below.

### A. Lack of Service of Process

The Adams Defendants first argue that Plaintiff failed to provide proper service of the Original Complaint and the Amended Complaint on the Adams Defendants and failed to file a

---

[2] All code references are to Title 11 under the Bankruptcy Code.

[3] Defendants Robert and Vanessa Yoncuski also filed motions to dismiss. *See* Dkt. #s 4, 11. Because Robert and Vanessa converted their cases, a new deadline for filing objections to discharge and dischargeability was set. This essentially rendered their objections to the Original and Amended Complaints moot and the parties agreed to dismiss Robert and Vanessa from this proceeding. *See* Order Granting Defendants Robert and Vanessa Yoncuski's Motion to Dismiss without Prejudice, Dkt. # 29.

[4] The Adams Defendants filed their brief in support of the Motion on May 3, 2023, Dkt. # 20, and Plaintiff filed her brief in opposition on May 24, 2023, Dkt. # 22. Defendant Thomas Yoncuski has not filed any response in this adversary proceeding.

4

certificate of service. *See* Adams Defs. Brief at 9. In her brief in opposition to Motion, Plaintiff contends that once the Summons was issued, she mailed a copy of the Summons and Original Complaint to each defendant and each defendant's counsel on January 30, 2023. *See* Pl. Brief at 2. Plaintiff argues that service by mail was proper under Fed. R. Bankr. P. 7004(b)(1). Plaintiff filed a certificate of service on June 6, 2023. Dkt. # 24. The Adams Defendants have not disputed or called into question the veracity of the certificate of service which indicates that the Adams Defendants and their Counsel were served by mail. The Court finds that service of the Original Complaint was proper. Accordingly, pursuant to Fed. R. Bankr. P. 12(b)(5), the Motion will be denied on this ground.

**B.     Improper Venue**

Next, the Adams Defendants argue that the Amended Complaint should be dismissed with prejudice because neither the Original nor the Amended Complaint were "filed in" the Adams Defendants' bankruptcy case and therefore, were filed in the wrong venue, *i.e.*, the proper place for a lawsuit to proceed. The Adams Defendants implicitly argue that this Court's jurisdiction over core proceedings is tied to the underlying bankruptcy case and because the adversary proceeding is not "attached" to their underlying bankruptcy case there is no jurisdiction and this is an uncurable defect. The Adams Defendants cite no authority directly on point.

Plaintiff takes a different approach on this issue. Plaintiff argues that she did in fact file a complaint against the Adams Defendants and the complaint was timely filed. However, she frames the issue as "whether Deitrick properly joined parties into a single complaint." Pl. Brief at 3. Plaintiff argues that she was required under Fed. R. Civ. P. 19 (made applicable to this proceeding

5

pursuant to Fed. R. Bankr. P. 7019)[5] to join all Defendants in one action "to prevent inconsistent decisions and, as a result, inconsistent obligations on the part of the defendants." Pl. Brief at 4. Alternatively, Plaintiff asserts that permissive joinder under Fed. R. Civ. P. 20(a)(2) (made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7020)[6] applies.

As mentioned above, Plaintiff filed the Original Complaint against the five named Defendants, all of whom at the time had filed either a joint or individual bankruptcy case. The Original Complaint listed each debtor/defendant in the case caption with each debtor's respective bankruptcy case number and chapter. The Original Complaint was accompanied by an Adversary Proceeding Cover Sheet and attachment. The attachment listed each debtor with their bankruptcy case number and the name and address of their legal counsel. Plaintiff filed the Original Complaint in only Thomas Yoncuski's Chapter 7 bankruptcy case, Case No. 4:22-02131. Plaintiff did not file a complaint in the Robert and Vanessa Yoncuski's bankruptcy case or Jeffrey and Mariann Adams' bankruptcy case. Accordingly, the docket of this adversary proceeding is associated with

---

[5] Fed. R. Civ. P. 19 provides:

(a) Persons Required to Be Joined if Feasible.
    (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
        (A) in that person's absence, the court cannot accord complete relief among existing parties; or
        (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
            (i) as a practical matter impair or impede the person's ability to protect the interest…
            (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

[6] Fed. R. Civ. P. 20(a)(2) provides:

(2) Defendants. Persons … may be joined in one action as defendants if:
    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
    (B) any question of law or fact common to all defendants will arise in the action.

6

Case 4:23-ap-00006-MJC    Doc 33    Filed 09/29/23    Entered 09/29/23 16:48:04    Desc
Main Document    Page 6 of 13

Thomas Yoncuski's case only. Similarly, the caption of the Amended Complaint is unchanged and Plaintiff did not file the Amended Complaint in Robert and Vanessa's or Jeffrey and Mariann's bankruptcy cases.

Rule 19 governs joinder of indispensable parties, commonly referred to as compulsory joinder, while Rule 20 governs the joinder of proper parties, also known as permissive joinder. *See In re Lexington Healthcare Grp., Inc.*, 316 B.R. 658, 661 (Bankr. D. Del. 2004). Under Rule 19, a defendant "must" be joined if "the court cannot afford complete relief among existing parties in that person's absence." *In re Lockhart-Johnson*, 631 B.R. 38, 52 (B.A.P. 9th Cir. 2021) (concurring opinion). Rule 20 allows joinder where: "(1) the right to relief asserted against each defendant must relate to or arise out of the same transaction or series of transactions, and (2) some question of law or fact common to all parties will arise in the action." *In re Lee Way Holding Co.*, 104 B.R. 881, 884 (Bankr. S.D. Ohio 1989).

In this proceeding, Plaintiff is seeking a determination that the debts owed by Defendants are non-dischargeable pursuant to §§1328(a)(2) and (4) and §523(a)(2), (4), and (6). The debt and attendant liability involved here has already been determined in the District Court action as evidenced by the Judgment. All that remains to be determined is whether that debt will be excepted from Defendants' discharge. This type of determination does not require joinder of all Defendants in one action. Accordingly, Rule 19(a) is not applicable.

However, the Court finds that Rule 20(a)(2) is applicable. Even though Plaintiff's claims against each Defendant are separate and distinct, the Judgment resulted from the same transaction or occurrence in which all of Defendants participated. Further, it appears that Defendants are related and according to the Verdict Slip, acted in concert and/or as part of a conspiracy with respect to some of the conduct involved. It is evident that many of the same facts and

7

circumstances will overlap in making determinations regarding non-dischargeability of the debts. At least at this early stage of the proceeding, if Plaintiff had filed separate adversaries against Defendants in each if their respective bankruptcy cases, it is likely the matters would have been consolidated for trial.[7] As it stands now, there are three remaining Defendants in this proceeding and Thomas Yoncuski has not responded to the Original or the Amended Complaint. To the extent it becomes necessary or appropriate, the Court may order separate trials under Rule 20(b).

Therefore, the Court concludes that Plaintiff's permissive joinder was proper and Motion will be denied on the Adams Defendants' claim of improper venue.

## C. Failure to State a Claim

The final ground that the Adams Defendants assert is failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). First, the Adams Defendants argue that the Amended Complaint must be dismissed as to Plaintiff's claim under §523(a)(6) because the Adams Defendants are currently in a Chapter 13 case and claims for non-dischargeability based on §523(a)(b) are not included under §1328(a)(2). Second, the Adams Defendants maintain that the remaining counts must also be dismissed because the Amended Complaint fails to plead sufficient factual allegations to support a plausible claim for relief under the standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Lastly, the Adams Defendants contend that because Plaintiff pleaded only a §523(a)(6) count in the Original Complaint, Plaintiff's new theories under §§1328(a)(2) and (4) and §§523(a)(2) and (4) in the

---

[7] "The purpose behind Rule 20 is to promote trial convenience through the avoidance of multiple lawsuits, extra expense to the parties, and loss of time to the court and the litigants appearing before it." *In re Conners*, 125 B.R. 611, 613 (Bankr. S.D. Cal. 1991) (citing *Anderson v. Frances I. DuPont & Company*, 291 F. Supp. 705, 711 (D. Minn.1968)).

Amended Complaint do not relate back under Fed. R. Civ. P. 15(c)(1)(B) (made applicable to this proceeding by Fed. R. Bankr. P. 7015), and are therefore, barred by the deadline under Fed. R. Bankr. P. 4007(c).

Beginning with the Adams Defendants' first contention under §523(a)(6), the Court notes that Plaintiff did not specifically respond to this argument in her brief. In any event, Adams Defendants are correct, a Chapter 13 discharge does not except claims under §523(b)(6). *See* §1328(a)(2); *In re Firth*, 2023 WL 162140, at *2 (Bankr. D. D.C. 2023) ("Claims under the §523(a)(6) exception to discharge for willful and malicious injury are not one of the categories of claims excepted from a chapter 13 discharge under §1328(a)."). A §523(a)(6) claim may be viable in a Chapter 13 if the Adams Defendants were to seek a hardship discharge pursuant to §1328(b), in which case, Fed. R. Bankr. P. 4007(d) allows a complaint to be filed on thirty days notice. For this reason, Plaintiff's §523(a)(6) claim against the Adams Defendants will be dismissed without prejudice subject to either a reconversion to Chapter 7 or a hardship discharge under §1328(b).

Next, the Court will address Plaintiff's new legal theories under §§1328(a)(2) and (4) and §§523(a)(2) and (4) and whether they relate back to the Original Complaint. Pursuant to Fed. R. of Civ. P. 15(c)(1)(B), "an amendment to a pleading relates back to the date of the original pleading where 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012). The Third Circuit Court of Appeals explained that Rule 15(c) is designed to permit claims to be resolved on their merits rather than a technicality so long as fair notice of the litigation has been given. *Id.* at 145-46. "Thus, only where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party

proceeds' will relation back be allowed." *Id.* at 146 (citing *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)).

Plaintiff argues that paragraph 6 of the Original Complaint sufficiently gave the Adams Defendants notice of the conduct or occurrence out of which Plaintiff's claims arise:

> On September 25, 2019 following a jury trial in the United States District Court for the Middle District of Pennsylvania in the case docketed at no. 4:06-cv-1556-WIA, a jury entered a verdict finding various of the defendants liable for assault on the person of Deitrick, battery of the person of Deitrick, negligent infliction of emotional distress upon Deitrick, infliction of pain and suffering upon Deitrick, conspiracy to take the safe and contents of Deitrick, thereby depriving Deitrick of their contents for a time or disposing of the contents without Deitrick's consent, converting the property of Deitrick, and committing trespass against Deitrick's chattels.

Orig. Compl. ¶6.

The Court agrees. This is not a situation where the Amended Complaint significantly alters the nature of the proceeding or attempts to inject unanticipated claims. *See Glover*, 698 F.3d at 146. This is a matter where Plaintiff was attempting to restate the original claims with greater particularity. *See Id.* The Court finds that the Adams Defendants were on notice "of the basis for liability [Plaintiff] would later advance in the amended complaint." *Id.* (citing *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008)). Consequently, the Court concludes that Plaintiff's claims in the Amended Complaint relate back to the Original Complaint pursuant to Fed. R. Civ. P. 15(c)(1)(B).

Finally, the Court considers the Adams Defendants argument that Plaintiff's claims in the Amended Complaint do not allege sufficient facts to support plausible claims under §§1328(a)(2) and (4) and §§523(a)(2) and (4).

This Court has previously stated the legal standard for a motion to dismiss pursuant to Rule 12(b)(6):

> A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is made applicable to adversarial proceedings in bankruptcy through Federal Rule of Bankruptcy Procedure 7012(b).
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Third Circuit has defined a two part process for courts to follow when deciding a motion to dismiss under 12(b)(6). *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009). First, the court must separate all factual and legal elements of the claim, treating all facts alleged in the complaint as true. *Id.* Second, the court must look to those facts alone to determine whether the allegations give rise to a plausible claim for relief. *Id.* at 210–11.
>
> Ultimately, a complaint must do more than merely allege an entitlement to relief. *Id.* at 211. Rather, the complaint must show such an entitlement with facts sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This determination is context-specific and requires the "court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 664.

*In re Webb*, 2013 WL 5934463, at *1–2 (Bankr. M.D. Pa. 2013) (per J. France).

The Amended Complaint has improved somewhat from the Original Complaint however, it is still lacking in several respects. The most obvious deficiency is Plaintiff pleads three counts and while it appears that those counts are being alleged against all Defendants, the Amended Complaint fails to plead sufficient facts to support these claims as to all Defendants. Frequently, Plaintiff's factual averments allege that Defendants collectively acted in a particular manner without specifying who was the actor. For instance, the Amended Complaint at paragraph 14 alleges that "Defendants came to Donna's residence while she was not there and used a hand truck to break down the front door of Donna's residence." Did all the Defendants break down the door or was it only certain Defendants? Similarly, paragraph 16 alleges that "Defendants buried the safe on the property of Jeffrey and Mariann using a backhoe to dig a deep enough hole to conceal the safe." Did all Defendants operate the backhoe or was it only one of Defendants?

11

Another issue that the Court has identified is Count I, which is titled "Willful and Malicious Infliction of Injury" and cites to §§523(a)(6) and §1328(a)(4). Plaintiff combined two causes of action together. This is problematic because §523(a)(6) applies to only the Chapter 7 debtor, Thomas Yoncuski yet Plaintiff seemingly is alleging all Defendants willfully and maliciously inflicted the injuries underlying the Judgment. Further, the second part of that count is §1328(a)(4) which is applicable to only the Chapter 13 debtors and addresses "a personal injury to an individual." Again, Count I refers to all Defendants, however, it doesn't appear that the Amended Complaint alleges physical injuries to Plaintiff that were caused by all Defendants.

As to Count II, the Court agrees with the Adams Defendants that Plaintiff has failed to satisfy the standards under Fed. R. Civ. P. 9(b) (made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7009), which requires a plaintiff to "state with particularity the circumstances constituting fraud." This requires "a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his [or her] damage." *In re Lamont*, 2011 WL 2709153, at *2 (Bankr. M.D. Pa. 2011) (quoting *In re Suprema Specialties, Inc. Securities Litigation*, 438 F.3d 256, 270 (3d Cir. 2006)). Furthermore, the Amended Complaint fails to identify a false pretense or false representation that was made with an intent to misrepresent or create a false pretense and upon which Plaintiff relied.

Based upon the above non-exclusive examples, the Adams Defendants are correct that the Amended Complaint lacks the type of precision necessary to allow them to properly respond. The Court therefore finds that Plaintiff has failed to plead enough facts to state a claim for relief that is plausible on its face as to all Counts in the Amended Complaint.

Because it appears that Plaintiff may be able to correct the pleading deficiencies, the Court will grant Plaintiff leave to file an amended complaint.

V.  **CONCLUSION**

Based upon the above stated reasons, the Adams Defendants Motion to Dismiss is granted. Plaintiff is granted leave to file an amended complaint.

An appropriate order will be entered.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: September 29, 2023